FILED
United States Court of Appeals
Tenth Circuit

December 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BANK OF AMERICA, N.A.,

      Plaintiff - Appellant,

v.

DAKOTA HOMESTEAD TITLE
INSURANCE COMPANY,

      Defendant - Appellee.

No. 13-1177
(D.C. No. 1:12-CV-02126-REB-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Bank of America, N.A. (BOA) appeals from the district court's dismissal of its complaint as time-barred. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

BOA filed its complaint against Dakota Homestead Insurance Title Company

on July 11, 2012. BOA brought a number of claims arising out of a loan transaction

that was handled by Dakota's agent, Big Rock Title, LLC, on December 6, 2007, in

which Big Rock allegedly misappropriated $632,000 in funds. BOA also brought

claims arising out of Dakota's subsequent refusal to defend or indemnify BOA in

letters dated July 13, 2009, October 13, 2009, and January 26, 2012. Dakota filed a

motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to

state a claim for relief because it was "clear from the face of the complaint that all

claims asserted by BOA are barred by the applicable statutes of limitations." Aplt.

App. at 31-32. The district court agreed with Dakota and granted the motion.

II.

We review de novo the district court's dismissal for failure to state a claim

under Fed. R. Civ. P. 12(b)(6). *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d

717, 724 (10th Cir. 2011). "We accept as true all well-pleaded facts and construe all

reasonable allegations in the light most favorable to the plaintiff." *Id.* (internal

quotation marks omitted). "If the allegations . . . show that relief is barred by the

applicable statute of limitations, the complaint is subject to dismissal for failure to

state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

On appeal, BOA asserts that the district court erred in dismissing all of the

claims because "[t]he contractual obligations of Dakota fall into two distinct

categories: (1) actions that were to be taken immediately following loan origination;

and (2) defense and indemnification of title issues relating to the loan, to be commenced upon demand by [BOA]." Aplt. Br. at 8. BOA further asserts:

> Dakota's obligation to defend and indemnify could not have been breached prior to any affirmative denial to uphold such obligations. Accordingly, [BOA's] causes of action for breach of contract, promissory estoppel, misrepresentation, and breach of fiduciary duty, which are predicated on Dakota's improper denial of the defense/indemnification claims, could not have accrued any earlier than Dakota's initial denial, dated July 13, 2009.

*Id*. Because a three-year statute of limitations period applies to all of these claims, BOA contends that it had until at least July 12, 2012 to timely file. BOA therefore argues that the claims arising out of Dakota's denial on July 13, 2009 are not time-barred.[1]

In its motion to dismiss, Dakota argued generally that all of the relevant conduct in the complaint occurred at the time of the loan transaction in 2007 or shortly thereafter and therefore BOA should have discovered it around that same time. Dakota did not discuss the failure-to-defend-and-indemnify allegations in the context of the claims for breach of contract, promissory estoppel, misrepresentation, or breach of fiduciary duty. Dakota only addressed those allegations in relation to BOA's claim for bad faith breach of an insurance contract, which is a separate claim

---

[1]   In its briefing on appeal, BOA does not include any argument about the district court's dismissal of its claims for unreasonable denial of benefits, declaratory relief, negligence, or negligent hiring and supervision. Accordingly, it has waived its right to challenge the dismissal of those claims. *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

- 3 -

in the complaint, and is covered by a two-year statute of limitations, not the three-year statute of limitations applicable to the other claims.

With respect to the bad faith insurance claim, Dakota admitted that the January 26, 2012 denial letter fell within the statutory time period, but stated without citing to any authority that the "denial did not serve to start a new statute of limitations period running." Aplt. App. at 31. Without giving any more specific analysis, Dakota asserted that

> whether BOA's claims are based upon Big Rock's conduct incident to or immediately following the loan closing in 2007 or upon Dakota's subsequent denial of BOA's insurance claim, it is clear from the face of the Complaint that all claims asserted by BOA in this action are barred by the applicable statutes of limitations.

*Id*. at 31-32. In granting the motion to dismiss, the district court used this exact language from Dakota's motion, *see id*. at 59, and further "approve[d], adopt[ed], and incorporated the facts presented, reasons stated, arguments advanced, and authorities cited" by Dakota in its motion and reply, *id*. at 60 n.2.

For the following reasons, we agree with BOA that the district court erred in dismissing all of the claims in the complaint as time-barred.

### A.

BOA brought three claims for breach of contract based on the Closing Protection Letter, the Title Commitment, and the Closing Instructions. It also brought a claim for breach of fiduciary duty and alternative claims for promissory estoppel and misrepresentation.

Each of the breach of contract claims alleges that Dakota breached its contractual obligations to BOA under the relevant instrument

> by, among other things, failing to issue the Title Policy in connection with the Nordstrom Loan, failing to record the Nordstrom Deed of Trust with the Recorder, failing to place the Nordstrom Deed of Trust in a 1st Lien position on the Property and *failing to defend and indemnify BoA from its losses associated with [the failure to properly record the Deed of Trust].*

*Id.* at 13 ¶ 27; *id.* at 14 ¶¶ 34, 41 (emphasis added).

In Colorado, there is a three-year statute of limitations for breach of contract claims. *See* Colo. Rev. Stat. § 13-80-101(1)(s). A cause of action accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." *Id.* § 13-80-108(6). BOA essentially concedes that the breaches related to the failure to issue the title policy and properly record the deed are barred by the statute of limitations, but argues that "the existence of breaches outside of the statute of limitations do not bar action for subsequent breaches brought within the allowable time period." Aplt. Br. at 15. As BOA explains, "[t]he Complaint is clear in its allegations that [Dakota] breached obligations in 2007 relating to recordation and delivery of loan funds, and breached *separate and distinct obligations* by way of the July 13, 2009 denial of defense and indemnification against potential loss." *Id.*

We agree with BOA and conclude that the district court erred in dismissing those portions of the breach of contract claims that alleged that Dakota failed to defend and indemnify BOA from its losses. BOA could not have known that Dakota

would not comply with its alleged contractual obligations to defend and indemnify BOA until Dakota refused to do so in its July 13, 2009 letter.[2]

This same analysis holds true for BOA's claims for breach of fiduciary duty, promissory estoppel, and misrepresentation. For its breach of fiduciary duty claim, BOA alleged that Dakota failed to indemnify it for the losses associated with the loan transaction. For its promissory estoppel claim, BOA alleged that Dakota promised to defend and indemnify it from losses related to the failure to properly record the deed and issue title insurance. For its misrepresentation claim, BOA alleged that Dakota supplied false information and/or made misrepresentations of fact, including that Dakota would indemnify BOA from losses related to the failure to properly record the deed and issue title insurance. Because BOA could not have discovered that these representations were false or that Dakota would not fulfill its fiduciary duties or uphold its promises until it received the July 13, 2009 letter, the district court erred in dismissing those portions of BOA's claims for breach of fiduciary duty, promissory estoppel and misrepresentation.

---

[2]    In its motion to dismiss, Dakota agreed that the first three claims were breach of contract claims covered by the three year statute of limitations and that the claims accrued when BOA knew or should have known of the alleged breaches. *See* Aplt. App. at 26, 28. For the first time on appeal, Dakota argues that the alleged breaches related to indemnification should be treated differently and should be considered to accrue when the loss giving rise to the indemnification claim occurred, not when BOA learned that Dakota had rejected its request for indemnification. We are not persuaded by Dakota's new argument.

B.

BOA also brought a claim for bad faith breach of an insurance contract based on Dakota's conduct in denying its obligations under the Title Commitment, Closing Protection Letter, and Closing Instructions. The complaint alleges that Dakota denied coverage and refused to indemnify BOA in letters dated July 13, 2009, October 13, 2009, and January 26, 2012. BOA concedes in its brief that its claims for Dakota's bad faith denials in July and October 2009 are barred by the applicable two-year statute of limitations. It argues, however, that it alleged a separate bad faith denial by letter dated January 26, 2012, and that "[e]ach bad faith act constitutes a separate and distinct tortious act, on which the statute of limitations begins to run anew when the plaintiff becomes aware of the injury and its cause." Aplt. Br. at 23 (quoting *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. Ct. App. 2008)).

Dakota asserts that even though the January 26, 2012 denial falls within the limitations period, the complaint fails to distinguish between the three denials and therefore the complaint does not plead a plausible bad faith act within the limitations period. But in the context of a Rule 12(b)(6) motion to dismiss, we must read the complaint in the light most favorable to the plaintiff. *Cohon*, 646 F.3d at 724. The complaint does not affirmatively state that each request BOA made to Dakota was the same and that each of Dakota's denials were the same. It is therefore plausible that BOA gave different reasons to support its request for indemnification and that Dakota gave different reasons for each of its denials. Each denial could therefore

- 7 -

constitute a separate bad faith act that would start the statute of limitations running anew. *See Cork*, 194 P.3d at 427.

BOA also alleged as part of its bad faith claim that Dakota "fail[ed] to use reasonable procedures in investigating [its] claim for coverage"; "fail[ed] to decide if coverage . . . existed within a reasonable period of time"; and "fail[ed] to acknowledge and act reasonably promptly upon communications with respect to BoA's claim." Aplt. App. at 16 ¶ 55. These allegations could plausibly relate to distinct denials. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining in context of motion to dismiss that the court "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"). Because there is ambiguity about the nature of BOA's requests and Dakota's denials, it is not clear from the face of the complaint that the claim arising out of the January 26, 2012 denial is time-barred. Accordingly, the district court erred in dismissing that portion of the claim.

## III.

We affirm the district court's dismissal of BOA's Fourth, Sixth, Eighth and Eleventh claims for relief (unreasonable denial of benefits, declaratory relief, negligence, and negligent hiring and supervision).

We affirm in part the dismissal of BOA's First, Second, Third, Seventh, Ninth, and Tenth claims for relief (breach of contract, promissory estoppel, breach of fiduciary duty, and misrepresentation) with respect to those allegations related to the

failure to properly record the deed and issue title insurance within thirty days after the closing of the loan transaction on December 6, 2007. We reverse and remand the district court's dismissal of those same claims with respect to those allegations related to Dakota's failure to defend and indemnify BOA for its losses.

Finally, we affirm in part the district court's dismissal of the Fifth Claim for relief (bad faith breach of an insurance contract) with respect to the allegations related to the alleged bad faith denials in July and October 2009. We reverse and remand the district court's dismissal of the Fifth Claim with respect to the allegations related to the alleged bad faith denial on January 26, 2012.

Entered for the Court


Bobby R. Baldock
Circuit Judge
